COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

October 28, 2011

Michael A. Weidinger, Esquire
Pinckney, Harris & Weidinger, LLC
1220 North Market Street, Suite 950
Wilmington, DE  19801

Samuel T. Hirzel, II, Esquire
Proctor Heyman LLP
300 Delaware Avenue, Suite 200
Wilmington, DE  19801

Re: *Connecticut General Life Insurance Company v. Pinkas*
C.A. No. 5724-VCN
Date Submitted:  July 12, 2011

Dear Counsel:

The Plaintiffs invested in Nominal Defendant Brantley Partners IV, L.P. operated by Defendants and Third-Party Plaintiffs Robert P. Pinkas and Brantley Venture Management IV, L.P. ("BVM IV").  Unhappy with their investment, the Plaintiffs sued Pinkas and BVM IV.  Pinkas and BVM IV, in turn, brought third-party claims against Third-Party Defendant Paul H. Cascio ("Cascio"), and two entities which he controls, Cascio Investment Co., LLC ("Investment") and 3S Advisors, LLC ("3S") (collectively, with Cascio, the "Cascio Entities").  In

October 28, 2011
Page 2

essence, Pinkas and BVM IV allege that the Cascio Entities breached fiduciary duties owed to them and aided and abetted those breaches. More specifically, they allege that the Cascio Entities sought to substitute themselves as managers of the funds invested by the Plaintiffs. Cascio and 3S have moved to dismiss the claims against them for lack of personal jurisdiction,[1] insufficiency of process,[2] and insufficiency of service of process.[3] Perhaps significantly, Investment has not moved for dismissal.

Personal jurisdiction over a nonresident defendant is proper where (1) there is a statutory basis for exercising personal jurisdiction; and (2) subjecting the nonresident defendant to jurisdiction in Delaware would not violate the Due Process Clause of the Fourteenth Amendment.[4] The burden of demonstrating that a court may exercise personal jurisdiction is on the plaintiff, in this instance, Third-Party Plaintiffs Pinkas and BVM IV.[5]

---

[1] Ct. Ch. R. 12(b)(2).
[2] Ct. Ch. R. 12(b)(4).
[3] Ct. Ch. R. 12(b)(5).
[4] *Ross Holding & Mgmt. Co. v. Advance Realty Group, LLC*, 2010 WL 1838608 (Del. Ch. Apr. 28, 2010).
[5] *See, e.g., Aero Global Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 (Del. 2005).

October 28, 2011
Page 3

    The Court will limit its assessment of the grounds for personal jurisdiction to
the ones BVM IV and Pinkas have sponsored in briefing and argument of the
pending motion.  Any other jurisdictional bases will be deemed waived.[6]  BVM IV
and Pinkas claim that this Court may exercise personal jurisdiction over Cascio on
the following grounds: (1) transacting business within Delaware, 10 *Del. C.*
§ 3104(c)(1); (2) alter-ego; (3) executing documents as the general partner of
BVM IV; (4) seeking advancement for the costs of this litigation under Delaware
law; and (5) general jurisdiction because "the person regularly does or solicits
business [or] engages in any other persistent course of conduct in [Delaware],"
10 *Del. C.* § 3401(c)(4).[7]

    Before turning to the Court's assessment of the proposed grounds for
personal jurisdiction, a word regarding the evidentiary standard to be applied is
warranted, as the parties debate this issue.  Early on in the litigation process, the
parties seeking the Court to exercise jurisdiction must show a *prima facie* case.[8]

---

[6] This would include 10 *Del. C.* § 3104(c)(3) and the so-called conspiracy theory.

[7] The grounds for exercising personal jurisdiction over 3S are less clear.  Based on a footnote in
the Answering Memorandum of BVM IV and Pinkas and upon a brief comment at oral
argument, the best understanding of the purported basis for exercising personal jurisdiction over
3S seems to be the alter-ego theory.

[8] *EBG Holdings LLC v. Vredezicht's Gravenhage 109, B.V.*, 2008 WL 4057745, at *4 n.38 (Del.
Ch. Sept. 2, 2008).

October 28, 2011
Page 4

Later, an evidentiary weighing seeking out specific facts is appropriate.  Currently, the record is scant, which may disadvantage the Third-Party Plaintiffs if evidentiary weighing is employed, since they have the burden of showing that this Court may exercise jurisdiction.  But, it has been some time since the jurisdictional arguments were raised by the Cascio Entities.  Until recently, when continuance was ordered, trial was upon us, and there seems to have been no reason other than the parties' agreement as to the priority and order of discovery, for the record not to have been enhanced.  Moreover, the Third-Party Plaintiffs have not indicated exactly how they would have expected to supplement their jurisdictional facts.  Taking the foregoing into consideration, the Court finds it appropriate to employ evidentiary weighing in this instance.

Section 3104(c)(1) is a single act provision of the long-arm statute and supplies a basis for personal jurisdiction only with respect to claims that have a nexus to such forum-related conduct.[9]  "Thus, the question here is whether [Cascio] transacted any business or performed any character of work or service in Delaware from which [the Third-Party Plaintiffs'] claim[s] [have] arisen."[10]  The

---

[9] *Id.* at *5 (citation omitted).
[10] *Id.*

October 28, 2011
Page 5

Third-Party Plaintiffs' primary argument as to why § 3104(c)(1) should apply is that Cascio participated in the formation of BVM IV in 1998;[11] Cascio denies this. Under *Papendick v. Bosch*[12] and its progeny, a single act of incorporation, *if done as part of a wrongful scheme,* will suffice to confer personal jurisdiction under § 3104(c)(1).[13]   But merely participating in the formation of a Delaware entity, without more, does not create a basis for jurisdiction in Delaware.   Instead, the formation must be "an integral component of the total transaction to which plaintiff's cause of action relates."[14]

---

[11] The Third-Party Plaintiffs make several other arguments as to why § 3104(c)(1) should apply, all of which are unavailing.  Multiple arguments relate to Cascio's interest in and control of Investment, but as explained in the Court's assessment of the Third-Party Plaintiffs' alter ego theory argument, nothing on the record supports this Court ignoring the fact that Investment is a separate legal entity distinct from Cascio.  Other arguments related to Cascio's method of signing contracts in his capacity as manager of Investment and his purported consent to this Court's jurisdiction by seeking advancement are addressed separately below.

[12] 410 A.2d 148 (Del. 1978).  While *Papendick* centered on whether the minimum contacts test was met, its logic has been extended to findings of long-arm jurisdiction under § 3104(c)(1).

[13] *See Cairns v. Gelmon*, 1998 WL 276226, at *3 (Del. Ch. May 21, 1998).

[14] *Shamrock Holdings of Cal., Inc. v. Arenson*, 421 F. Supp. 2d 800, 804 (D. Del. 2006). Essentially, this means that the cause of action must relate to the formation itself.  *See id.* (finding that the cause of action "relate[d] to [. . .] the incorporation and formation" of the entities in question); *Papendick*, 410 A.2d at 512 (finding that the minimum contacts test was met where the defendant formed a corporation to acquire stock and this stock acquisition was the basis of a breach of contract claim); *Cairns,* 1998 WL 276226, at *3 (finding personal jurisdiction where the division of ownership and board composition of the corporation formed by the defendant purportedly violated two letter agreements).

October 28, 2011
Page 6

Assuming, *arguendo*, that Cascio, as an employee of Pinkas's interests and as a limited partner, was involved in setting up the entities with which he was involved, this fact alone does not afford a basis for jurisdiction.  It is clear that BVM IV, at the time of its inception, was not part of any untoward activity. Furthermore, the bases of the claims asserted against Cascio do not relate to the formation of BVM IV in any direct way; in fact, they only relate to BVM IV's formation in the most attenuated way possible—that BVM IV must have existed in order for Cascio to have damaged it in the way alleged.  As such, even if Cascio did participate in the formation of BVM IV, the Third-Party Plaintiffs have not met the standard set forth by *Papendick* and its progeny.

In order to assert jurisdiction over Cascio as the alter-ego of Investment, BVM IV and Pinkas must show the following:  "(1) that the out-of-state defendant over whom jurisdiction is sought has no real separate identity from a defendant over whom jurisdiction is clear based on actual domicile or satisfaction of Delaware's long-arm statute; and (2) the existence of acts in Delaware which can be fairly imputed to the out-of-state defendant and which satisfy the long-arm

October 28, 2011
Page 7

statute and/or federal due process requirements."[15]   This analysis is similar to the

one used to determine whether to "pierce the corporate veil," and it has been

applied strictly.[16]   At most, BVM IV and Pinkas have shown that Investment, an

Ohio entity, was established by Cascio; that Cascio's purpose for establishing

Investment was his self-interest; and that Investment is an entity through which

Cascio pursues financial gain.   There is no evidence that Investment was

undercapitalized; that Investment has not remained in good standing under Ohio

law; or that any of the other shortcomings frequently found when the "veil is

pierced" are present here.   As such, BVM IV and Pinkas have not met their burden

to establish that Cascio is subject to personal jurisdiction under the alter-ego

theory.[17]

BVM IV and Pinkas have set forth several examples in which Cascio has

signed documents in a manner that looks as if he is personally acting as a general

partner of BVM IV.   Because Investment was a general partner and because Cascio

is the controller of Investment, that Cascio's signature appears is not surprising.

---

[15] *HMG/Courtland Prop.'s, Inc. v. Gray*, 729 A.2d 300, 308 (Del. Ch. Jan. 13, 1999).

[16] *Id.* at 307.

[17] Similar reasoning leads to the conclusion that the facts presented by the Third-Party Plaintiffs do not show that 3S is the alter-ego of Investment, the only Cascio entity over which this Court has personal jurisdiction.  Even if the Court had personal jurisdiction over Cascio, there would be no basis for extending that jurisdiction to reach 3S.

October 28, 2011
Page 8

Perhaps it is somewhat troubling that his signature is not as well qualified as to his status as it should have been, but these are, at most, ministerial oversights on Cascio's part.  If dealing with third-parties, perhaps this would have subjected Cascio to jurisdiction as a *de facto* general partner of BVM IV.  However, there is simply no argument for Pinkas (or BVM IV) to make to the effect that he did not know that Cascio, in fact, has never been a general partner of BVM IV.  The limited partnership agreement is clear and the Third-Party Plaintiffs have not argued otherwise.

Pinkas and BVM IV contend that Cascio consented to this Court's jurisdiction by seeking advancement for the costs of this litigation under Delaware law.   Indeed, if not raised promptly, a party may waive its right to contest personal jurisdiction when it becomes an "active actor" in the case.[18]  The only actions Pinkas and BVM IV cite in arguing that Cascio waived his right to contest personal jurisdiction are his efforts to obtain advancement.  There is little else they could cite.  The only other significant action taken by Cascio was his filing of

---

[18] *Ross Holding & Mgmt.*, 2010 WL 1838608, at *11.

October 28, 2011
Page 9

Motions to Dismiss based on a lack of personal jurisdiction;[19] his first Motion to Dismiss was filed promptly, shortly after he first sought advancement.  To date, Cascio has not presented a defense on the merits of the Third-Party Plaintiffs' claims or filed an Answer.  Simply put, Cascio has not been so actively involved in this case that he has waived the personal jurisdiction defense that he first raised in his Motion to Dismiss.

Finally, the Third-Party Plaintiffs encourage the Court to exercise jurisdiction under 10 *Del. C.* § 3104(c)(4) based on general jurisdictional concepts. According to the Third-Party Plaintiffs, Cascio has been a general partner of a few Delaware limited partnerships, an employee of BVM IV and Brantley Management Company, a limited partner of BVM IV, a limited partner or member of various other Delaware limited partnerships and LLC's, and a director of multiple Delaware entities.[20]  The vast majority of these alleged connections to Delaware were severed, if not earlier, in December 2009 or January 2010 when Cascio left

---

[19] Due to the fact that the Third-Party Plaintiffs have amended their Complaint multiple times, Cascio has had to file several Motions to Dismiss.

[20] Aff. of Robert P. Pinkas in Supp. of the Third-Party Pls.' Mem. of Law in Opp'n to Third-Party Defs.' Mot. to Dismiss; Verified Second Am. Third-Party Compl., Cross-claims & Countercls. ¶ 7 (stating that Cascio was an employee at BVM IV).

October 28, 2011
Page 10

the employ of Brantley Management Company.[21]   Cascio's current connections to Delaware apparently amount to his ownership of interests in five Delaware limited partnerships and membership on the board of one Delaware corporation.[22]   As discussed above, Pinkas has also generally averred that Cascio was involved in the formation of BVM IV, which Cascio denies.

Viewing this activity in total, the Third-Party Plaintiffs argue that Cascio's connections to Delaware are enough to constitute a general presence in the state. In an odd twist of fate, they support this view by citing *Saltz v. Brantley Mgmt. Co.*[23] in which the Superior Court found that Pinkas's contacts to Delaware were sufficient to establish general jurisdiction.  The Delaware connections cited in *Saltz* were Pinkas's formation of at least 22 entities in Delaware since 1987, service on the boards of two of those companies, and use of those companies to manage his other Delaware companies' investments and earn fees.[24]   But, review of the facts present in *Saltz* illustrate why Cascio's Delaware connections are not sufficient to establish general jurisdiction.  Far from being a "serial incorporator,"[25] Cascio is

---

[21] *See id.*; Corrected Supp. Aff. of Paul H. Cascio (Cascio Aff.) 3.
[22] Cascio Aff. 2-3.
[23] 2011 WL 2535802 (Del. Super. May 31, 2011).
[24] *Id.* at *4.
[25] *Id.* at *1.

October 28, 2011
Page 11


only alleged to have participated in the formation of one Delaware entity, and even

in this instance, his alleged participation was primarily as an employee of the

Pinkas-controlled entity that formed the limited partnership; had he taken a more

active role in forming multiple Delaware entities, the result of this analysis might

be different.  His ownership of membership units and limited partnership interests

and membership on boards of Delaware companies also do not provide a basis for

the "persistent course of conduct in [Delaware]" required for general jurisdiction.

While not a frivolous argument, the Third-Party Plaintiffs have not met their

burden of establishing that Cascio regularly engages in business in Delaware in a

manner that meets the strict requirements of 10 *Del. C.* § 3104(c)(4).

For the foregoing reasons, the motion of Cascio and 3S to dismiss for lack of

personal jurisdiction is granted.  It follows that their other arguments sponsored in

favor of dismissal need not be addressed.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    S. Mark Hurd, Esquire
        Register in Chancery-K